IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNIE SCOTT MEDINGER,

Plaintiff,

v.

CITY OF ASHLAND, et al.,

Defendants.

1:11-cv-00470-HO

ORDER

HOGAN, District Judge.

Defendant Jackson County's Motion for Reconsideration (#67) is allowed as follows. Defendant Jackson County's Motion to Dismiss (#20) is construed as to plaintiff's claims alleged in the Amended Complaint (#63) which is the operative pleading before the court.

In plaintiff's previous amended complaint, plaintiff alleged that defendant Jim Adams is the trial Court Administrator for Jackson County and sought to hold defendant

Jackson County liable for its alleged failure to properly train and supervise defendant Adams. Amended Complaint (#11) p. 2-3. In plaintiff's Amended Complaint (#67) plaintiff alleges that defendant Adams is the "Trial Court Administrator for the State of Oregon."

Other than being identified in the caption of plaintiff's Amended Complaint as a "Political Public entity within the State of Oregon" and named as a defendant, plaintiff's Amended Complaint (#63) does not allege any facts that would establish any basis for a claim against Jackson County. None of the individual defendants are alleged to be employees of Jackson County and Jackson County is not alleged to have violated plaintiff's constitutional rights in any way. In addition, plaintiff does not seek any relief against Jackson County.

Plaintiff's Amended Complaint (#63) fails to state a claim against Jackson County. Therefore, defendant Jackson County's Motion to Dismiss (#20) is allowed.

Defendants City of Ashland, Case, Christensen and Savage ("City of Ashland defendants") move to dismiss plaintiff's claims against them on various grounds. Motion to Dismiss (#78).

Defendants argue that plaintiff's "complaint fails to allege sufficient facts to state a federal claim." Memorandum of Law (#80) p. 2.

The essence of plaintiff's claim is that the City of Ashland issued a warrant against plaintiff. Subsequently a Jackson County Circuit Court plea agreement included a provision extinguishing that warrant. One of the defendants failed to file and/or enter the judgment that would have extinguished the warrant. Relying on the City of Ashland warrant, a Medford police officer arrested plaintiff on April 18, 2009 and plaintiff was jailed from April 18, 2009 through April 20, 2009.

"In federal court, dismissal for failure to state a claim is proper only 'if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3f 1273, 1274 (9th Cir. 1993) (*quoting* Hinson v. King Spalding, 467 U.S. 69, 73 (1984); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, the court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d 567.

In civil rights cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim -Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988);

*see also*, Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir. 1991).

In this case, plaintiff is proceeding *pro se*. Although plaintiff may not have articulated his constitutional claim with specificity, I find that the above referenced alleged facts are sufficient to state a Fourteenth Amendment claim for denial of due process against one or more of the City of Ashland defendants.

The City of Ashland defendants also argue that plaintiff's claims against them were not brought within the statute of limitations.

The relevant dates are as follows:

1. Plaintiff's claims arise out of his arrest on April 18, 2009 and incarceration at the Jackson County Jail until April 20, 2009. Amended Complaint (#63) p. 3-4.

2. Plaintiff filed a complaint in this case on April 18, 2011. Complaint (#1). In plaintiff's original complaint he named the City of Medford, the City of Ashland, Jackson County and John and Jane Doe 1-100 as defendants.

3. The Clerk was directed to issue process, service to be made by the U.S. Marshal's Service by Order (#7) entered May 5, 2011.

4. A docket entry (#8) dated May 23, 2011, indicates that the Clerk sent plaintiff blank summons and USM forms on

that date. There is nothing in the record indicating that the summons and forms were ever returned by plaintiff to the clerk for service by the Marshal's Service.

5. On July 27, 2011, plaintiff filed a motion to file an amended complaint (#9) which was allowed by Order (#10) entered August 4, 2011.

6. On August 4, 2011, plaintiff filed an Amended Complaint (#11). The Amended Complaint named Jim Adams and Jackson County as defendants.

7. A docket entry dated September 9, 2011, (#13) indicates that summons was issued as to Jim Adams and Jackson County. Returns of service executed as to Jackson County and Jim Adams were received by the court on September 26, 2011. (#14) and (#15).

8. On September 26, 2011, plaintiff filed a motion requesting personal service of defendants by the United States Marshal's Service. (#16). By Order (#17) entered September 30, 2011, plaintiff's motion for "personal service" was denied as moot based on the returns of service referenced above.

9. On November 7, 2011, plaintiff filed a motion to amend his complaint (#35). By Order (#41) entered December 14, 2011, plaintiff was allowed 45 days to file an amended complaint.

10. On February 29, 2011, plaintiff filed an amended

complaint (#63). Although not filed within the time allowed by the court, plaintiff's Amended Complaint (#63) was accepted for filing and is the operative pleading before the court.

Darla Case, Vicki Christensen and Vanessa Savage were named as defendants for the first time in plaintiff's Amended Complaint (#63). The City of Ashland which was named as a defendant in plaintiff's original Complaint (#1), but not in his first Amended Complaint (#11), was also named as a defendant in the Amended Complaint (#63).

11. On March 12, 2012 Returns of Service executed as to Jackson County, the City of Ashland, Jim Adams Vanessa Savage, Darla Case and Vicki Christensen (all served on March 8, 2012) were filed with the court. (#68) - (#73).

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 266 (1985); Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d

1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. Wallace v. Kato, 549 U.S. at 388. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In addition, federal law controls when an action "commences" for the purposes of the statute of limitations. *Sain*, *supra* at 1136. Under FRCP 3, a 1983 action commences in federal district court for purposes of the statute of limitations when the complaint is filed. Id. at 1138.

In this case, plaintiff knew or had reason to know of his injury when he was arrested on April 18, 2009. Therefore in order to be timely, plaintiff must have commenced this action by filing a complaint by April 18, 2011.

Plaintiff filed the Complaint (#1) in this case on April 18, 2011. The complaint named the City of Ashland, the City of Medford, Jackson County, and John and Jane Does as defendants. Defendants Case, Christensen and Savage were not named in plaintiff's initial complaint or the First Amended

Complaint (#11) filed August 4, 2011. Plaintiff alleged claims against these defendants for the first time in his complaint (#63) filed February 29, 2012, which is beyond the two year statute of limitations applicable to plaintiff's claims.

Although plaintiff named the City of Ashland as a defendant in his initial complaint, he did not serve the City of Ashland within the time provided by Fed. R. Civ. P. 4(m) and did not name the City of Ashland in his First Amended Complaint (#11). Therefore, plaintiff's claims against the City of Ashland are arguably barred by the two year statute of limitations

Federal Rule of Civil Procedure 15(c)provides that in certain circumstances an amendment to a pleading relates back to the date of the original pleading. If plaintiff's Amended Complaint (#63) relates back to the filing of plaintiff initial complaint, the statute of limitations may not bar plaintiff's claims against one or more of the City of Ashland defendants.

However, there are insufficient facts on the record to enable the court to make a determination as to whether plaintiff's Amended Complaint (#63) relates back to the date he filed the original complaint. Therefore, the City of Ashland defendants' motion to dismiss plaintiff's claims as

time barred is denied without prejudice.

Plaintiff's Amended Complaint (#63) invoked the court's supplemental jurisdiction and alleged, for the first time, claims for "false arrest and imprisonment" and "gross negligence." Id. p. 4-5.

Plaintiff's supplemental claims are subject to the provisions of the Oregon Tort Claims Act, ORS. 30.260 *et seq*. The record reflects that counsel for Jackson County was served with a tort claim notice on August 27, 2009. *See*, Defendants' Memorandum (#21) Exhibit 1. However, plaintiff has not alleged or established that any of the other defendants received notice of plaintiff's claims as required by ORS 30.275. Therefore, plaintiff's claim for false arrest / imprisonment and gross negligence fail to state a claim upon which relief can be granted.

The City of Ashland defendants' Motion to Dismiss (#78) is allowed as to plaintiff's claims for false arrest/imprisonment and gross negligence and denied without prejudice as to plaintiff's constitutional claim.

Defendant Adams moves to dismiss plaintiff's claims against him on various grounds, including Eleventh Amendment immunity. Motion to Dismiss (#74).

The Supreme Court has repeatedly stated that a state or its officials or agencies may not be sued by private

individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991). In addition, a state's waiver of sovereign immunity in its own court's does not waive its Eleventh Amendment immunity in federal court. Edleman v. Jordan, supra. Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

Individual defendants share in the Eleventh Amendment immunity afforded states and state agencies where the individuals are sued in their official capacities because such suits "are, in essence, actions against the government entity of which the officer is an agent." Mitchell v Los Angeles Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1999).

Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991) (*quoting* Ford Motor Co. V. Dep't of Treasury, 323 U.S. 459, 464 (1945)). A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Plaintiff names Defendant Adams as a defendant "in his Individual and official capacity as Trial Court Administrator for the State of Oregon." Amended Complaint (#63) p. 1. Plaintiff does not dispute that his claim against defendant Adams in his official capacity as trial court administrator is barred by the Eleventh Amendment principles discussed above. Plaintiff argues however, that his claim against defendant Adams in his individual or personal capacity is not barred by Eleventh Amendment immunity because he was "acting outside the scope of his duties when he failed to file a court judgment which rendered plaintiff deprived of his constitutional rights." Plaintiff's Sur-reply (#90) p. 3.

Courts should consider the following factors in analyzing whether an employee was acting within the scope of their employment: (1) whether the employees actions occurred substantially within the time and space limits authorized by the employment; (2) whether the employee was motivated at least partially by a purpose to serve the employer; and (3) whether the act was of the kind that the employee was hired to perform. Brungardt v. Barton, 69 Or. App. 440, 443, 685 P.2d 1021, 1023 (1984) (*citing* Stanfield v. Laccoarce, 284 Or. 651, 655, 588 P.2d 1271, 1274 (1978)).

Plaintiff contends that "[d]efendant Jim Adams fails on (2) and (3) unless Jim Adams was instructed by the judge not to file the criminal judgment." (Sic) Plaintiff's Sur-reply (#90) p. 2. I disagree.

Plaintiff alleges that defendant Adams "was at all times herein mentioned the Trial Court Administrator for the State of Oregon and as such responsible for filing Court Judgments in the Jackson County Court." Amended Complaint (#64) p. 2. The fact that defendant Adams allegedly failed to file the judgment does not establish that such omission was outside the scope of his duties. It may indicate that he failed to properly perform the tasks associated with his duties but not that he acted outside the scope of such duties.

I find Plaintiff's argument that defendant Adams was

acting outside the scope of his duties by failing to file the judgment is not convincing. Simply alleging an act (or omission) was in an individual or personal capacity does not extinguish the Eleventh Amendment immunity associated with state officials performing their official functions.

Because I find that Eleventh Amendment immunity is dispositive of plaintiff's claims against defendant Adams it is not necessary to address defendant's other arguments.

Based on the foregoing, defendant Adam's Motion to Dismiss (# 74) is allowed. Defendant Adam's "Motion to Strike Plaintiff's Impermissible Sur-reply (#92) is denied as moot.

Summary: Defendant Jackson County's Motion to Reconsider (#67) is allowed. Defendant Jackson County's Motion to Dismiss (#20) is construed against plaintiff's amended complaint (#63) and is allowed. The City of Ashland defendants' Motion to Dismiss (#79) is allowed as to plaintiff's supplemental state law claims and denied as to plaintiff's constitutional claim. Defendant Adam's Motion to Dismiss (#74) is allowed.

IT IS SO ORDERED

DATED this 17th day of May, 2011.

Michael R. Hogan
United State District Judge