IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONNIE SCOTT MEDINGER,

        Plaintiff,        1:11-cv-00470-AA

    v.                         ORDER

CITY OF ASHLAND, et al.,

        Defendants.

Aiken, District Judge.

    Defendants Barringer and the City of Medford now move to dismiss plaintiff's claims against them on the ground that plaintiff's claims are barred by the statute of limitations. Defendants also argue that plaintiff's complaint should be dismissed on grounds of insufficient process. Motion to Dismiss (#128).

    The essence of plaintiff's claim is that the City of Ashland issued a warrant for plaintiff's arrest. Subsequently

1 - ORDER

a Jackson County Circuit Court plea agreement included a provision extinguishing that warrant. One of the defendants failed to file and/or enter the judgment that would have extinguished the warrant. Relying on the City of Ashland warrant, a Medford police officer arrested plaintiff on April 18, 2009 and plaintiff was jailed from April 18, 2009 through April 20, 2009.

The relevant dates are as follows:

1. Plaintiff's claims arise out of his arrest on April 18, 2009 and incarceration at the Jackson County Jail until April 20, 2009.

2. Plaintiff filed a complaint in this case on April 18, 2011. Complaint (#1). In plaintiff's original complaint he named the City of Medford, the City of Ashland, Jackson County and John and Jane Doe 1-100 as defendants.

3. The Clerk was directed to issue process, service to be made by the U.S. Marshal's Service by Order (#7) entered May 5, 2011.

4. A docket entry (#8) dated May 23, 2011, indicates that the Clerk sent plaintiff blank summons and USM forms on that date. The summons and USM forms were never returned by plaintiff to the clerk for service by the Marshal's Service.

5. On July 27, 2011, plaintiff filed a motion to file an amended complaint (#9) which was allowed by Order (#10)

2 - ORDER

entered August 4, 2011.

6. On August 4, 2011, plaintiff filed an Amended Complaint (#11). The Amended Complaint named Jim Adams and Jackson County as defendants.

7. A docket entry dated September 9, 2011, (#13) indicates that summons was issued as to Jim Adams and Jackson County. Returns of service executed as to Jackson County and Jim Adams were received by the court on September 26, 2011. (#14) and (#15).

8. On September 26, 2011, plaintiff filed a motion requesting personal service of defendants by the United States Marshal's Service. (#16). By Order (#17) entered September 30, 2011, plaintiff's motion for "personal service" was denied as moot based on the returns of service referenced above.

9. On November 7, 2011, plaintiff filed a motion to amend his complaint (#35). By Order (#41) entered December 14, 2011, plaintiff was allowed 45 days to file an amended complaint.

10. On February 29, 2011, plaintiff filed an Amended Complaint (#63). Although not filed within the time allowed by the court, plaintiff's Amended Complaint (#63) was accepted for filing and is the operative pleading before the court Neither the City of Medford or James Barringer were named as defendants in the Amended Complaint (#63).

3 - ORDER

11. On June 26, 2012, plaintiff filed a "Motion to Join James Barringer" (#112). By Order (#116) entered September 7, 2012, plaintiff's motion was construed as a motion to amend plaintiff's amended complaint (#63) by adding James Barringer as a defendant, and allowed. The Clerk was directed to issue process as to James Barringer, service to be made by the U.S. Marshal's Service.

12. On October 17, 2012, plaintiff filed an "Amended Complaint" (#122). Plaintiff's Amended Complaint (#122) names defendant James Barringer and the City of Medford as defendants and alleges claims against them

13. On November 2, 2012 and again on November 9, 2012, plaintiff filed a return of Service executed as to Defendant James Barringer on October 29, 2012.

42 U.S.C. § 1983 does not contain a specific statute of limitations for constitutional torts. Therefore, federal courts "borrow" the state statute of limitations in 42 U.S.C. § 1983 actions. See, Wallace v. Kato, 549 U.S. 384, 387 (2007); Wilson v. Garcia, 471 U.S. 261, 266 (1985); Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999); Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir. 1991).

In Oregon, the two year statute of limitations for personal injury actions, O.R.S. 12.110(1) applies to civil rights actions under 42 U.S.C. § 1983. Sain v. City of Bend,

4 - ORDER

309 F.3d 1134, 1139 (9th Cir. 2002); Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1988); Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

Federal law determines when a cause of action accrues and the statute of limitations begins to run on a § 1983 claim. Wallace v. Kato, 549 U.S. at 388. A federal claim accrues when the plaintiff know or has reason to know of the injury which is the basis of the action. Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th Cir. 2000); Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991); see also, DeAnza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir. 1991); Vaughan, supra, 927 F.2d 486, 480 (9th Cir. 1991).

In addition, federal law controls when an action "commences" for the purposes of the statute of limitations. *Sain*, *supra* at 1136. Under FRCP 3, a 1983 action commences in federal district court for purposes of the statute of limitations when the complaint is filed. Id. at 1138.

In this case, plaintiff knew or had reason to know of his injury when he was arrested on April 18, 2009. Therefore in order to be timely, plaintiff must have commenced this action by filing a complaint by April 18, 2011.

Plaintiff filed the Complaint (#1) in this case on April 18, 2011. Although plaintiff named the City of Medford as a

5 - ORDER

defendant in his initial complaint, he did not serve the City of Medford within the time provided by Fed. R. Civ. P. 4(m) and did not name the City of Medford in his First Amended Complaint (#11) or his Amended Complaint (#63) filed February 29, 2012.  The court docket sheet indicates that the City of Medford was "terminated" on August 4, 2011.  The City of Medford did not reappear as a defendant until plaintiff filed his Amended Complaint (#122) on October 17, 2012.

Plaintiff did not seek to hold James Barringer liable as a defendant until he filed his "Motion to Join James Barringer" on June 26, 2012.  As noted above, the court allowed that motion on September 7, 2012.  Plaintiff subsequently named Barringer as a defendant in the complaint he filed on October 17, 2012.

Based on the foregoing, I find that plaintiff did not commence this action against defendant City of Medford or James Barringer within two years of the date of it accrued.

Federal Rule of Civil Procedure 15(c) provides that in certain circumstances an amendment to a pleading relates back to the date of the original pleading.  However, plaintiff has not alleged any facts that would establish relation back in this case.

Plaintiff argues that he could not have known about any claims against Barringer or the City of Medford when he filed

his original complaint. However, plaintiff's original complaint named the City of Medford as a defendant and alleged facts concerning Barringer's involvement in the matters giving rise to plaintiff's claims.[1] I find that plaintiff knew or should of known about potential claims against the City of Medford and Barringer at the time he filed his original complaint.

Plaintiff's Amended Complaint (#63) invoked the court's supplemental jurisdiction and alleged, for the first time, claims for "false arrest and imprisonment" and "gross negligence." In the complaint (#122) filed October 17, 2012, plaintiff alleged supplemental claims of "gross negligence" and "malicious prosecution" against defendant Barringer. Plaintiff's supplemental claims are subject to a two year statute of limitations and are therefore time barred for the reasons set forth above.[2]

---

[1] Plaintiff alleges that he abandoned his claim against the against the City of Medford (allegedly on the advice of counsel. Motion in Opposition (#131) p. 1

[2] Moreover, plaintiff's supplemental claims are subject to the provisions of the Oregon Tort Claims Act, ORS. 30.260 et seq. The record reflects that counsel for Jackson County was served with a tort claim notice on August 27, 2009. See, Defendants' Memorandum (#21) Exhibit 1. However, plaintiff has not alleged or established that any of the other defendants received notice of plaintiff's claims as required by ORS 30.275.

7 - ORDER

Because I find that statute of limitations issue dispositive, it is not necessary to address defendants' arguments concerning insufficient service.

Based on all of the foregoing, defendant City of Medford and James Barringer's Motion to Dismiss (#128) is allowed. The Clerk is directed to enter a judgment dismissing this action with prejudice.

*Any appeal from this order or a judgment dismissing this action would be frivolous and not taken in good faith.*

IT IS SO ORDERED
DATED this 26th day of April, 2013.

Ann Aiken
United State District Judge